Case 23-5507, Hazard Coal Corporation v. Cambrian Coal LLC et al. Argument not to exceed 15 minutes per side. Counsel, you may proceed for the appellant when ready. Mr. Bartlett. May it please the court. My name is Stanton Cave. With me today is Mr. Douglas Logsdon. Mr. Logsdon and I are co-counsel for the appellant, Hazard Coal Corporation. I have reserved three minutes for rebuttal. Thank you for granting our request for oral argument in this very important case. There is one central issue in this appeal, but it's made up of two subparts. The first is whether a declaration order entered in the Cambrian bankruptcy on January 22, 2021, approved a sale of assets, leases, and mining permits, and made new retrospective organic findings not otherwise in the record that resulted in a sale of leases and mining permits to a permit-blocked purchaser, wholly incapable of accepting transfer of the mining permits and associated reclamation liabilities, leaving millions of dollars in reclamation obligations with the bankruptcy estate, who was unable to fulfill them due to lack of a lease and a right of entry onto the property. So these two critical facts were known to the bankruptcy judge when the bankruptcy judge issued the reconsideration order a year before the declaration order. So your reconsideration motion clearly conveyed the fact that American Resource Corporation was permanent barred, and the record also contained the revised agreement, which was filed just like as a notice. So it seems to me that the district court knew all this information and still denied the reconsideration order. So why should we think the declaration order's just interpretation of the reconsideration order that it denied this argument is wrong? It had all the information, and it said that was not enough to rescind the sale. That's a very good question, Judge Murphy. Section 363 of the Bankruptcy Code requires notice and a hearing before there's a sale of assets outside the ordinary course. What was before the bankruptcy court on the motion to reconsider was a motion to reconsider the sale of the assets under the approved assignment agreement. What we are here on today is that the second modified assignment agreement that allowed the sale of mining permits to an entity that was permit blocked who could not take them was somehow, he said, was approved. And it was not. Either there is a rule of law of which protects the fundamental property rights of citizens, or there is not. Bankruptcy Code section 363B1 says there must be a notice and an opportunity for a hearing. I would add to that, in addition to the sale order that was approved on paragraph 30, it said if there are any material modifications to the sale order that was approved that was not used to close, there must be a hearing and an opportunity to be heard by parties whose interests may be affected. So the bankruptcy court knew of the modified sale agreement on December 18, in entry 856 in the bankruptcy court record, over two months after there was a hearing on the sale of the assets and transfer of mining permits to a permit block purchaser. No one knew, no interested parties knew on September 24th when the saling occurred that there was a bait and switch going on. But you certainly should have known, you certainly knew of the permit block status because that was the basis of your motion. And the record itself contained the revised contract. So why wasn't the appropriate time to litigate all of this in appeal of the reconsideration order rather than waiting it? Well, I mean, the declaration order came up in a very strange procedural posture, but why wouldn't you just have appealed the reconsideration order? It seems to me that we have a unique view of finality in the bankruptcy context. It depends on concrete issues, and the sale would qualify as a concrete issue, as far as I can tell under our case law. The sale is final once the reconsideration order was entered. You could have appealed that and raised all the arguments that you're making now rather than waiting a year after the fact. Because the reconsideration order did not approve the modified agreement. There was no notice and opportunity for a hearing under the reconsideration order. Certainly the court knew that the purchaser— Did you have, so is your view that you not only had a notice and an opportunity for a hearing of the sale, but also of the revised contract? The revised contract wasn't filed in the record until over two months after the sale. My point is, what gave you the right to a hearing with respect to the revised contract? Not the code, right? Would it just have been the contract terms? No, sir. There are two things that we relied on for, that we're here today on, that requires the court, the bankruptcy court, to have given us, to have had notice and an opportunity for a hearing. That's 363B1 of the bankruptcy code. Doesn't the bankruptcy code just give you a right to a hearing of the sale itself, which happened here? You're saying that you had a right for every modification of the contract. No, sir. Just material modifications, and that was in paragraph 30 of the sale order. If there are any material modifications to the contract, they had to come back to the court on a notice and opportunity to be heard, and that's entirely consistent with section 363B of a sale outside the ordinary course of business. And I might add to that that the sale itself is not just like you're buying a pack of gum at the drugstore. The sale of something like this is comprised of the terms and conditions of the sale. So to say that we're going to have a sale that was approved by order entered on September 25th of 2019 to an entity that had defrauded the bankruptcy court by saying it was not permit-blocked is the equivalent of a sale to a permit-blocked entity that could never take transfer of the permits and prevent the bankruptcy court from concluding the administration of the estate, and in addition, leaving the bankruptcy estate straddled with millions of dollars of reclamation obligations to the detriment of the unsecured creditors of the estate. That's the whole purpose and policy behind there being a notice and an opportunity to be heard. So the motion that was made for reconsideration said, hey, we need to go back and redo this again, but there was no, to your question about why didn't we appeal the reconsideration order, it's because the reconsideration order on January 3rd of 2020 didn't approve the modified agreement, whereby the debtor and American Resources Corporation was trying to buy permits that they were permit-blocked as a matter of law from accepting. What about, so there was another motion that you filed, a motion for, I forget the styling of it, it was an emergency motion to compel, and within that motion, so this is a couple weeks after the reconsideration order, within that motion you clearly mentioned the revised modified agreement, and you said that that was another basis on which you can grant the motion to compel. And then you held a hearing and you cite the bankruptcy judge's statements about how this issue, whether there was fraud on the bankruptcy court might be at issue. But the next day, the court issued a fairly cursory two-page order, and in that two-page order it said the exact same thing that the declaration order a year later said, which was, I've already decided this issue. So isn't that pretty good evidence that the declaration order is consistent with what the judge thought all along? Because two weeks after the reconsideration order, the judge issued the same thing. It said, I've already decided this issue. I denied it. The fact that they were permit barred provides no basis for unwinding the cell. So how would you respond? I guess that was a long-winded question, just to say, how would you respond to the short order that was two weeks later that said the exact same thing? Your Honor, I would respectfully disagree with the premise that the declaration order said the same thing that the January 17, 2020 order said. The January 17, 2020 order simply referred back to the January 3, 2020 order. You're correct. It was cursory, and it referred back to what the January 3, 2020 reconsideration order said. But it's also material that at that hearing on January 16, 2020, whether there was a material modification that required a notice in a hearing, you know what the judge said that day, and the transcript is in the record. He said, I have not made that determination yet. So after January 3, you fast forward to January 16, he said, I've not made that determination yet, counsel. He set it on the record as plain as could be. But why didn't he make it the next day? The order says, further hazard Cole's arguments in support of rescinding the cell order are the same arguments rejected in the January 3 memorandum opinion. And the arguments that you made in that motion, ECF number 940, are that the court had not approved the modified agreement. You hit upon the applicable language in the January 17 order. He said the same reasons in the January 3 order. So nothing could change from the January 3 order to the January 17 order. We're trying to deduce what the court decided in the reconsideration order. And this is pretty good evidence that it rejected any argument that the modified agreement provided a basis for rescinding the sale. Yes, and I would say to you again, respectfully, Your Honor, that the court may be confusing reconsideration with an approval of a sale. He had the motion to reconsider because the sale was botched by any stretch of the imagination. The sale was botched. It purported to sell millions of dollars worth of reclamation liabilities to a permit block purchaser who could never take them. The sale, that was the sale that was approved. Now, if we're trying to glean what the court intended, we can only do that by the very language that the court used in its orders. And due process at a minimum requires that we have notice and an opportunity to be heard not only of what the sale is, but of what the court is adjudging. And in the January 3 reconsideration, he may have known about it, but he didn't approve the modified agreement. You know how we know that? Because on January 6, I'm sorry, Your Honor, I see I'm out of time. May I finish? Yes. Forgive me. I was going to tell you to wrap up, but I thought you were still answering Judge Murphy's question, and I thought you ought to be able to have a chance to do that. Thank you, Judge Gibbons. The January 3 order and the January 17 order do not say one word about approving a modified, the modified assignment that was actually used to close after notice and a hearing. The court may have known about the modified agreement. He may have known that American Resources Corporation was permit blocked and could not take these reclamation liabilities from the estate. But nonetheless, he did not approve the modified assignment agreement that the parties actually used to close. Thank you for your excellent questions. I'll reserve the rest of the balance of my time for rebuttal and yield the argument to the appellee. Thank you. May it please the Court. My name is Michael Gartland. I represent the appellees, American Resources Corporation and Perry County Resources LLC. Judge Murphy hit the nail on the head. The January 17, 2020 order entered 13 days after the reconsideration order. Nobody's quoted the most relevant language. The very second paragraph, it says, The debtors assumed and assigned a coal mining lease with Hazard Coal to American Resources, in parentheses arc, pursuant to the sale order entered on September 25, 2019, ECF 534. Nobody appealed this order. Hazard didn't appeal this order. This order was appealable. This is a finding that the sale closed under the modified assignment was okay. Can I ask you, the procedural posture of this declaration order is quite unusual to me. It may be a byproduct of my lack of knowledge of how bankruptcy practice works. So I was hoping you could edify me. I think the argument you are trying to make now is essentially going to be a res judicata argument in the adversary proceeding, which I assume is stayed. Res judicata applies in the main case as well. So what I'm confused by is, I think if you look at just basic treatises on claim preclusion, I think it's claim preclusion here. The first court doesn't get to decide the claim preclusive effect of its orders. That's for the second court. So the second court here would be, and it may well be essentially the same district courts, but it would be in a different proceeding. It would be in the adversary proceeding. And so I'm confused by the fact that you went back to the first court to, in effect, determine the res judicata effect of its earlier order when no matter what that court says under traditional res judicata principles, it's not going to be binding on the second court. The second court gets to make its own independent determination about whether res judicata should apply. And so maybe that's how I think of it outside of bankruptcy. But maybe there's something unique to bankruptcy that allows you to go back to a court and say, what did you really mean by this order? I think I didn't file that motion. Billy Shelton did, and I'm working with him on this appeal. I did all the work on the appeal. He's not a bankruptcy lawyer. I am. But I think he was thinking, if I get a comfort order from Judge Schaaf saying they're not allowed to do what they're doing, that'll maybe influence the district court. Are we, in effect, issuing, I mean, I hope the district court would follow what we say. But in effect, I'm not certain it would even be binding, because it would only be persuasive with respect to the res judicata effect. Because we're now taking an appeal from the first court's determination of its earlier order. Again, I can't speak to why he did it. I think he was looking for a comfort order to perhaps show the district court that a bankruptcy judge, who's familiar with sales and confirmations and things that happen in bankruptcy, says this claim is barred, and maybe she would. Another thing, I think you've actually made this case more difficult for your side than it potentially would have been, which is claim preclusion not only bars things that were litigated. It also bars things that could have been litigated. That's res judicata. Yes. But it seems like what's before us now is did the court actually litigate it, could the court have litigated this issue? And that seems to be narrower than what res judicata would have otherwise allowed. So if you had just filed a res judicata defense in the adversary proceeding, you could have said they could have raised this argument way long ago. And since they could have, they're barred even if they didn't. But now we're here asking a question, did this order actually resolve this issue? And I think there is some confusion on what the district court actually decided, since at least the reconsideration order's plain text just talked about the fact of whether they were permit barred and not this revised contract. So, I mean, how should we, how should we, do we have to decide just what did the district, what did the bankruptcy court actually decide, or are we open to actually considering what could it have decided? I think this appeal has much to do about nothing, seriously. Because they didn't appeal the reconsideration order. That was the order to appeal. You hit the nail on the head when you asked the question. Having let that go by, it's too late. This sale has been done for four and a half years. Too late for what reason? I mean, you're not raising, it's so strange, you're not raising, we're not talking about res judicata and the briefing in this case. We're just talking about what did the bankruptcy court actually decide. And we're reviewing that order, and it's not obvious to me that the bankruptcy court decided this modified agreement. And I'm not saying that this, the reconsideration order even mentions a modified assignment. It does not, other than to say that it was raised by them. But the bid procedures order barred anybody who didn't file an objection. There was three deadlines they could have objected. They could have objected to the cure amount. They could have objected to the assignment. What was the first thing you said they could have objected to? They could have objected to the cure amount. There was a schedule, said the cure amount is $198,000 and change. They didn't object. They could have objected to the assignment. They blew that deadline. They didn't object. And they could have objected to the sale order. They didn't object. They filed their objection one minute after the sale order, the sale hearing started, which is very unusual because who's going to read an objection when the judge is on the bench, all the lawyers are in the room. Nobody even knew it got filed other than the clerk or somebody. But that's too late. The deadline had passed. So they're barred under the procedures order from complaining about anything related to the sale. But what about the fact that, I mean, at the time of the sale order, they didn't know that there was a misrepresentation made to the bankruptcy court. So I don't think it's fair to say they could have appealed at the time of or could have raised this objection at the time of the sale order. I do think it might be fair to say they could have raised it in reconsideration when the fact came out. But at the time of the sale order, there was just what seems to me to be a blatant misrepresentation that all parties knew that ARC was not permit barred when, in fact, they were. I haven't said that in my brief. What I said is the judge found they were inexcusably ignorant of the fact because 14 of the 15 violations occurred before the sale order entered. Why didn't any of the parties disclose this fact to the bankruptcy court? I wasn't involved in the bankruptcy case. Honestly, I don't know. It strikes me as pretty significant misrepresentation. So I think that they do have some. And as far as I can tell, the misrepresentation led to your taking over the mine and turning off the electricity and harming the mine. Is that true? I don't know if those facts are true. The allegations are true or not. I don't know. What's the current status of the adversary proceeding? So you breached the lease agreement, and that's on Bethel? The adversary proceeding was dismissed with prejudice. I thought it was stayed. No, it was dismissed. It was dismissed pursuant to the reconsideration order. Was this the only current proceeding between these parties? Existing? You'd have to ask Mr. Cave because I'm not involved in the district court action. So I thought there was a finding that post change of lease ownership, ARC breached the lease. That's true. And the lease has been terminated. So who's actually running the mine right now? It's not ARC? You're asking me questions I don't know the answer to. I really don't. You can maybe ask Mr. Cave. I don't know if anything's happened in the mine. I really don't. But one thing I want to talk about. Hard to handle this particular appeal or unaware of extraneous facts. Is that about? Well, I don't think the district court litigation is relevant to this appeal. Okay, so the lease has been terminated. I thought the entire point of this appeal was to determine the rights for the adversary proceeding. The adversary proceeding is long gone. So there was a counterclaim in the adversary proceeding that you made against Hazard. And Hazard's response was the lease is invalid. And in that adversary proceeding, in response to that the lease is invalid argument, you went back to the bankruptcy court to determine the status of the lease for purposes of these counterclaims. But now you're telling me the counterclaims have just been dismissed? When you say the adversary proceeding, are you talking about the lawsuit? The state law lawsuit that was removed. That's the genesis of going back to the bankruptcy court to ask the status of the lease order. I believe the adversary proceeding was dismissed. That's my understanding. I mean, that's what the reconsideration order said. There was another order dropped the same day as the reconsideration order dismissing the adversary proceeding. That happened. But I want to talk about, for a second, paragraph 30, the amendment of the bid procedures order. Now, the judge never made a finding that the modified assignment was a material change. And under this section 30, the debtor and the purchaser were allowed to modify the assignment. It says it right there in the first sentence. Provided there's no material effect. Well, nobody's made a determination that there was a material effect. And, in fact, you had discussion about the hearing on January 16, 2020, with Mr. Cave, where the judge said in his mind he hadn't made up his mind whether it's material. So if there's been no material change, they were allowed to modify the form. But let's think about it this way. This is more interesting. Let's say the sale closed under the approved assignment. The sale could have closed. And all there would be is a breach of warranty. Hazard wouldn't have an actionable claim under that. The only one that would have that claim is the debtor. Because that's just a breach of warranty, breach of contract. So if the sale had closed under the approved assignment, where would there be a claim here? I don't see it. The debtor would be the only one with the claim. We wouldn't even be here today. So, like I said earlier, I think this appeals much to do about nothing. The sale closed. There were two other sales that were integral that had to close in connection with this. All three closed on September 27th. And it can't be undone. So is your point of view that the district court did approve the modified sale agreement? You mean the bankruptcy court? I'm sorry, yeah. The bankruptcy court. There is no express sentence saying, I hereby approve the modified assignment. The closest we come is the January 17, 2020 order where he says it was sold and assigned under the sale order. That's all we have. So you're saying it's implied. I think it is. So if it's implied, are you saying it's implied that the materiality issue was also decided? I think it was because this was dropped the day after that hearing. You just said you didn't think the materiality issue was decided. It was decided by implication by the entry of this order. Because there was a discussion the day before on the record. The judge said I made up my mind. The next day this order dropped saying the sale's been made. And it closed under his sale order. So I don't know what else to say. If you have any other questions, I'd love to answer them. What if we disagree with you that we don't think there was an implied? We think it was an abuse of discretion that the bankruptcy court said it approved the modification where we don't see it anywhere and we don't understand this implied approval. What would the effect of that be? This order was never appealed. Are you saying in connection with the declarations order? Yes. So we would reverse the declaration order and say the court abused its discretion in suggesting that it had approved the modified order when it never did. The effect of that would be, I guess we'd go back to the bankruptcy court. I mean, they're trying to say that the sale never happened. That's what they're saying because of a different form came into play. And, again, the debtor and the purchaser had the right to modify that form. There's been no finding of... I know you weren't the parties, so I was hoping you could answer my questions about why the parties did not just disclose up front why they were permit barred. And you just have no understanding about why the parties did not disclose this fact to the bankruptcy court. I've never asked the client the question. It strikes me. I mean, my instinct would be to trust the bankruptcy court. The bankruptcy court apparently didn't have a problem with this. But when I was just reviewing the materials, it struck me as quite an open misrepresentation of the facts that everybody knew but the bankruptcy court. And I'm not here to tell you that I would have made that representation because I wouldn't have. It wasn't true. It shouldn't have been made, and it was. What else can I say about it? I would have counseled them. I wouldn't make that representation if it's not true. So what should be the effect of that then, the effect of the misrepresentation that you said would not have been, is your point that it's just too late? It is too late. It's too late under the bid procedures order because no objections were made entirely. I mean, they didn't participate. Now, one critical fact is they did accept the cure payment from my client, and the judge says that put an end to the dispute. It's not just the debtor paying the cure payment. This is the assignee of the lease. They took the payment. They deposited the check. That should be the end of the dispute. Can you, I'm just curious why we're here if the adversary proceeding has been, I thought the entire point of this declaration order was to have an effect on that proceeding. So if you could help explain the procedural posture maybe. I'd be delighted to. What I believe you're referring to when you say adversary proceeding, in our papers we refer to it as the lease termination action. It was originally filed in state court, and wasn't it removed? That is correct. So that's why I called it an adversary proceeding. That's how I had it in my head. But that's the one I'm referring to. I understand. That action was filed on January the 17th of 2020 in the Perry Circuit Court. It was removed to the United States District Court for the Eastern District of Kentucky, the London Division. And that was a breach of lease for failure to comply with the terms of lease, failure to pay royalties. Then American Resources Corporation filed a counterclaim without leave of court. They just dropped it in the record in violation of the scheduling order. And they filed a counterclaim that included matters that what Hazard Coal had argued back in the bankruptcy proceeding. They said that that was tortious interference, our arguments that we made in the bankruptcy proceeding. And so in response to that counterclaim, we filed a summary judgment motion on the breach of the lease as well as to dismiss the counterclaim. We asserted a number of defenses, one of which is that you don't have title to the lease because the lease was never assigned to you. There's a difference between assumption and assignment. I'm sure the court understands that. One's under 365 and the other's under 363. And so when we made that motion, then I guess they got scared because when I had asked them in discovery in the lease termination action, what document they relied on to have title to the lease, they said the sale order. I responded, the sale order didn't approve the modified assignment. And you didn't disclose the modified assignment. That's when they ran back to the bankruptcy. Then they ran back to the bankruptcy. What is the status of the lease? The lease termination action. Interesting. The district court granted our motion to terminate the lease. The lease has been terminated. But the district court would not allow us to resume possession of our property and has left American Resources in possession of our property where they are destroying this mine. They are destroying it. And we can't do anything about it. The federal district court in the lease termination action told us to file another summary judgment motion. So we did that last year. And she hasn't ruled on that. It's still sitting and pending. So that's where that is. So are the ARC counterclaims, are those out of the picture now? No, sir. They're very much alive, but they are subject to our motion for summary judgment that the district court directed us to file another motion for summary judgment on. But because she has not ruled on the motion for summary judgment, we had no choice but to pursue. Mr. Gartland says this is a proceeding about nothing. Well, it's about a whole lot. Because if they don't have a valid assignment of the lease, then they don't have a counterclaim for tortious interference on a contract that they don't have. But we are left with no choice but to pursue this. And to your question about what would happen if you find that the declaration order was in error, either that the court abused his discretion because he interpreted something, he found brand new findings without anything in the record, or if it's a de novo review. Regardless, they will not have a lease. That will go to great lengths to resolve the lease termination action and the counterclaim. It will also enable the bankruptcy estate. And it's material to note that the bankruptcy trustee who is responsible for these enormous reclamation obligations did not file a brief in this case. The bankruptcy trustee needs you to find that the declarations order is in error. So that, because we will give the liquidating trustee a right of entry to go onto the property. We'll even give her a lease under ordinary terms and conditions customary in the industry so that she can then find a new purchaser for not only the lease properties but someone to take the permits and alleviate the bankruptcy estate of millions of dollars in reclamation obligations. Time is up. Do you have anything else? Your Honor, may I sum up? I respectfully request that the declaration order be reversed and that there be a finding that there was no approval of the modified assignment agreement following notice and an opportunity to be heard. I thank you all for your kind attention today. Thank you. Thank you both for your argument and we'll consider the case carefully.